**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5044**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOWANNA LAQUETTA BROWN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (CR-02-22-F)

---

Submitted:  May 26, 2006                 Decided:  June 22, 2006

---

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Terence Lee Taylor, CANON & TAYLOR, L.L.P., Greenville, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jowanna Laquetta Brown appeals from her 78-month sentence imposed after remand pursuant to United States v. Booker, 543 U.S. 220 (2005). On appeal, Brown asserts that her sentence was unreasonable because the trial court did not explicitly ascertain an advisory guideline range and because the district court's bare statement that it considered the 18 U.S.C.A. § 3553 (West 2000 & Supp. 2005) factors was insufficient to show that the court did a proper analysis. We affirm.

Although the trial court did not state the advisory guideline range, it is clear that the court adopted the range used at Brown's initial sentencing. The court readopted the original presentence report and stated that it calculated the advisory guideline range based on the findings in the report. In addition, the Government stated that "the Fourth Circuit did not direct [Brown's] guideline calculations be redone," and the court stated "well, I understand that. I think that's what we've done. We just imposed a sentence indicating that we have considered that the guidelines are not mandatory." Moreover, the statement of reasons included in Brown's criminal judgment shows that the guideline range was determined to be 78 to 97 months' imprisonment, the range used at Brown's first sentencing. Thus, there was no error in failing to explicitly restate the guideline range.

Turning to Brown's second argument, her sentence, which was imposed within the advisory guideline range, was presumptively reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006), cert. denied, 2006 WL 1057741 (U.S. May 22, 2006) (No. 05-10474). A defendant can only rebut this presumption by showing the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375 (4th Cir. 2006). In addition, a sentence may be procedurally unreasonable when the district court provides an inadequate statement of reasons. United States v. Moreland, 437 F.3d 424, 434 (4th Cir. 2006), cert. denied, 2006 WL 1022030 (U.S. May 15, 2006) (No. 05-10393). However, a court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." United States v. Johnson, 445 F.3d 339 (4th Cir. 2006).

Brown does not argue that there was any specific factor in her case that was not considered. Instead, she focuses her argument on the fact that the district court did not conduct a proper analysis. We find that the district court's explanations of its reasons for sentencing Brown were sufficient. The court expressly stated it considered the § 3553(a) factors, and it heard Brown's allocution. In addition, the written judgment shows that the district court exempted Brown from the drug testing requirement because she posed a low risk of future substance abuse and from

- 3 -

paying a fine because she lacked the ability to do so. Moreover, the presentence report, which the court adopted, addressed Brown's education, financial situation, and her obligations to her daughter. Finally, at Brown's initial sentencing, she moved for a downward departure based on aberrant behavior, her recent college graduation, and her lack of criminal history, and the district court denied the motion.

Thus, we hold that the court, over the course of both sentencings, considered all the relevant § 3553 factors before imposing sentence. While the court could have been more explicit in its findings and reasoning, there was no reversible error. The court stated that it considered the § 3553 factors, Brown did not argue for special consideration of any factors, and Brown was sentenced to the low end of the guideline range. We conclude that Brown's sentence was reasonable.

Thus, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED